**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 18 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50181 |
| Plaintiff-Appellee, | D.C. No. 8:08-cr-00209-JVS-1 |
| v. | |
| TIM JAMES COLLINS, | MEMORANDUM[*] |
| Defendant-Appellant | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted March 2, 2015
Pasadena, California

Before:    GOULD, and TALLMAN, Circuit Judges, and KORMAN,
Senior District Judge.[**]

Tim James Collins pled guilty to one count of possession of child pornography

in violation of 18 U.S.C. § 2252A(a)(5)(B) and waived his right to appeal the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

residency restriction condition of supervised release. On appeal, Collins claims not to challenge the length of his term of supervised release or the residency restriction condition. Instead, he argues that the residency restriction, taken together with restrictions that California Penal Code § 3003.5(b) would impose on him as a federal sex offender, renders the sentence unreasonable. Moreover, he also challenges the constitutionality of the California statute at issue. We assume for the purposes of this appeal that Collins did not waive his right to raise this issue on appeal, but we nonetheless reject it.

The Attorney General of California has consistently taken the position that the California law at issue only applies to state parolees. Brief for Respondent, *People v. Mosley*, No. S187965, --- P.3d ---- , 2015 WL 858216 (Mar. 2, 2015), *available at* 2011 WL 1762429, at *11-12. Collins is not a state parolee and he admits that the state has "[made] clear that it will not seek to apply Section 3003.5(b) to Mr. Collins, or any other person other than those under California parole supervision." Indeed, the Supreme Court of California recently declined to rule on the law's applicability to nonparolees "in advance of any concrete evidence of prosecutors' intent to press charges against nonparolee sex offender registrants for noncompliance with the residency restrictions." *People v. Mosley*, No. S187965, --- P.3d ----, 2015 WL 858216, at *11 (Mar. 2, 2015).

We decline to do so for similar reasons. When considering the ripeness of challenges to terms of supervised release, we have drawn a line between challenges to directly imposed terms of release and challenges to the prospective effects of those terms. *Compare United States v. Streich*, 560 F.3d 926, 932 (9th Cir. 2009), *with United States v. Williams*, 356 F.3d 1045, 1051 (9th Cir. 2004). Here, even if the California law at issue applies to Collins, it was not imposed upon him as a condition of supervised release, but is rather a collateral consequence of his conviction for possessing child pornography. Absent some showing that the restriction embodied in the California law will apply to him, Collins's challenge is not ripe. Because the challenge is not ripe, we also decline to address Collins's argument on the constitutionality of § 3003.5(b).

Collins also claims that the district judge committed procedural and substantive errors when sentencing him. To the extent that these claims are ripe and not barred by his appellate waiver, they are unavailing. His procedural error claims are wholly unsupported by the record. Moreover, the district judge did not abuse his discretion in imposing the substantive terms of the sentence. *See United States v. Daniels*, 541 F.3d 915, 928 (9th Cir. 2008).

**AFFIRMED.**